**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **G.H. and K.A.**

**No. 22-763** (Randolph County 22-JA-17 and 22-JA-18)

**MEMORANDUM DECISION**

Petitioner Father D.A.[1] appeals the Circuit Court of Randolph County's September 14, 2022, order terminating his parental rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming this order is appropriate in accordance with Rule 21 of the West Virginia Rules of Appellate Procedure. However, we remand the case to the circuit court with directions to address an omission in the September 14, 2022, order, regarding the disposition of petitioner's rights to child G.H.

Petitioner is the father of G.H. and K.A. In March 2022, the DHS filed a petition alleging that petitioner had a substance abuse problem that impacted his parenting. The DHS received a referral in February 2022 indicating that G.H. had been born drug exposed from the mother's use of Suboxone and Xanax while pregnant.[3] While the investigation was ongoing, police were called to the mother's home after a report that petitioner was passed out in a vehicle in front of the home. According to the petition, petitioner was found with two hypodermic needles and

---

[1]Petitioner appears by counsel Steven B. Nanners. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Counsel Heather M. Weese appears as the children's guardian ad litem.

[2]Additionally, pursuant to West Virginia Code § 5F-1-2, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated, effective January 1, 2024, and is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]The petition noted that the father of G.H. was unknown. However, paternity testing later confirmed petitioner was also the father of G.H.

multiple controlled substances. Police requested a Child Protective Services ("CPS") worker to respond to the home because the children were present. The CPS worker observed drug residue on the kitchen table and counter, as well as drug paraphernalia, within reach of the children. In addition, petitioner and the mother appeared intoxicated. The CPS worker removed the children from the home. The petition further alleged that petitioner's parental rights to other children were involuntarily terminated in 2009 as a result of drug use and failure to participate in an improvement period.

The circuit court held an adjudicatory hearing in May 2022, where the DHS presented evidence consistent with the allegations in the petition. Multiple witnesses testified to petitioner's intoxication and possession of controlled substances and needles on the day of the children's removal. The DHS also introduced the 2009 dispositional order evidencing the prior involuntary termination of petitioner's parental rights due to his drug use. Petitioner testified and denied any substance abuse. He asserted that the only substance he used was a low dose of Klonopin, which he was prescribed. Petitioner further testified that he *voluntarily* relinquished his parental rights to his other children despite the 2009 dispositional order that indicated otherwise. As a result of petitioner's insistence, the circuit court continued the adjudicatory hearing so that additional records from the prior proceedings could be obtained. In June 2022, the parties reconvened, and the DHS introduced additional certified documents from the 2009 proceedings demonstrating that petitioner's parental rights were involuntarily terminated. In addition, the DHS presented testimony that drug testing of petitioner following the previous hearing showed a variety of drugs in his system beyond those he was lawfully prescribed. Based on the evidence presented, the circuit court found that petitioner's parental rights were previously involuntarily terminated due to his drug use and that there had been no change of circumstances since that termination. As such, the circuit court adjudicated petitioner as an abusive and neglectful parent with respect to both G.H. and K.A. Petitioner, thereafter, filed a motion for an improvement period.

In August 2022, the circuit court held a dispositional hearing. Petitioner testified in support of his motion for an improvement period stating that he believed he would fully participate. Upon questioning from the DHS, however, petitioner could not identify what he needed to improve on or what behaviors led to his adjudication. In addition, petitioner continued to deny substance abuse and that his parental rights were previously involuntarily terminated. At the conclusion of the evidence, the circuit court found that petitioner did not satisfy his burden to demonstrate that he would fully participate in an improvement period and concluded that an improvement period for petitioner would be an exercise in futility. The circuit court further found that petitioner did not have a change in circumstances since his prior termination and was unable to change with or without help. As such, the circuit court terminated petitioner's parental rights, concluding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare and best interests. During the dispositional hearing, the circuit court verbally announced that it was terminating petitioner's parental rights to both K.A. and G.H. The written dispositional order reflected the circuit court's decision to terminate petitioner's parental rights to K.A. but omitted its decision to terminate as to G.H. It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). In his brief to this court, petitioner first argues that the circuit court erred in adjudicating him to be an abusing and neglecting parent due to a prior involuntary termination of his parental rights to other children because the DHS did not prove the allegations contained in the petition by clear and convincing evidence. Having reviewed the record, we find no merit in petitioner's argument. Pursuant to West Virginia Code § 49-4-605(a)(3), the DHS has a duty to initiate proceedings to terminate parental rights when the parental rights of the parent to another child were previously terminated. Our law is clear that where there has been a prior involuntary termination of parental rights to a sibling, the circuit court must review whether the parent has remedied the problems which led to the prior involuntary termination. *See* Syl. Pt. 3, in part, *In re George Glen B.*, 207 W. Va. 346, 532 S.E.2d 64 (2000). Here, the record demonstrates that the circuit court had sufficient evidence upon which to find that nothing changed in petitioner's life between his prior involuntary termination and the instant abuse and neglect proceeding. The prior termination was the result of petitioner's drug use, and the evidence established that petitioner continued to use drugs. As such, we find no error in the circuit court's adjudication of petitioner as an abusing and neglecting parent based upon the prior involuntary termination of petitioner's parental rights to other children.

Petitioner also contends that it was error to deny his motion for a post-adjudicatory improvement period. Petitioner argues that his testimony at the dispositional hearing demonstrated his likelihood to fully participate in the improvement period. *See* W. Va. Code § 49-4-610(2)(B) (requiring that a parent "demonstrate[], by clear and convincing evidence, that the [parent] is likely to fully participate" in order to obtain an improvement period). The record, however, shows petitioner's refusal to accept any responsibility. As we have held,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). During his testimony, petitioner denied that he had a drug problem, refused to acknowledge any parenting deficits, failed to admit to any abuse or neglect of the children, could not identify what an improvement period would allow him to improve upon, and maintained that his parental rights to other children were voluntarily terminated. Accordingly, the denial of petitioner's motion for a post-adjudicatory improvement period was not in error.

For the foregoing reasons, we find no merit to petitioner's arguments on appeal and no error in the circuit court's rulings in the September 14, 2022, dispositional order. The termination of petitioner's parental rights to K.A. is affirmed.

3

However, as noted above, the dispositional order did not expressly terminate petitioner's rights to G.H. Because the circuit court verbally announced at the hearing that it was terminating petitioner's rights to both K.A. and G.H., this omission may be a typographical error. Although petitioner has not raised this issue on appeal, the disposition of petitioner's rights to G.H. must be addressed by the circuit court in a written order. Accordingly, we remand this case to the circuit court for entry of a corrected dispositional order regarding G.H. *See In re I.D. and E.D.*, No. 20-0962, 2021 WL 5326512, at *8 (W. Va. Nov. 16, 2021) (memorandum decision) (affirming and remanding for entry of corrected dispositional order); *John W. v. Rechelle H.*, No. 19-0202, 2020 WL 201223, *7 (W. Va. Jan. 13, 2020) (memorandum decision) (affirming and remanding for entry of corrected order). The Clerk is directed to issue the mandate contemporaneously with this memorandum decision.

Affirmed and Remanded with directions.

**ISSUED**: February 7, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4